# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMILA GARCIA-CARDENAS,<br><br>Plaintiff,<br><br>v.<br><br>IMMIGRATION LEGAL SERVICES, APC,<br><br>Defendant.<br>_____ | Case No. 1:13-cv-01065-AWI-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITH 30 DAYS LEAVE TO AMEND**<br><br>(Doc. 1) |

## I. INTRODUCTION

Hermila Garcia-Cardenas ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed her complaint on July 12, 2013, alleging a claim against Immigration Legal Services, APC ("Defendant").[1] For the reasons set forth below, Plaintiff's complaint is DISMISSED without prejudice and with 30 days leave to amend.

## II. FACTUAL BACKGROUND

Plaintiff filed a complaint asserting that Defendant failed to provide the agreed-upon legal services to her parents, Jose de Jesus Garcia Horta and Maria Luz Garcia. (Doc. 1.) Plaintiff seeks to compel Defendant to provide these agreed-upon services or refund the $2,400 that was

---

[1] It appears that Immigration Legal Services, APC is also known as Immigration Law Authority, PC. Immigration Law Authority PC is registered with the California Secretary of State, entity number C3575700. It is an active California corporation with its agent for service of process listed as Brian Campbell Fenn, 29222 Rancho Viejo Rd., Suite 102, San Juan Capistrano, California, 92675.

paid to Defendant. *Id.*

## III.  DISCUSSION

**A.   Screening Standard**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  "[A] complaint [that] pleads facts that is 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**B.   The Court Lacks Subject-Matter Jurisdiction**

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and have no power to consider claims for which they lack subject-matter jurisdiction, *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).

1  Further, district courts have an independent duty to consider their own subject-matter jurisdiction,
2  whether or not the issue is raised by the parties, and may, *sua sponte*, dismiss an action over which
3  they lack jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks
4  subject-matter jurisdiction, the court must dismiss the action."); *see also Cal. Diversified*
5  *Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge
6  can dismiss *sua sponte* for lack of jurisdiction.").

7        **1.**      **No Alleged Facts Establishing Jurisdiction Pursuant to 28 U.S.C. § 1332**

8  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over all civil
9  actions where the matter in controversy exceeds $75,000 and is between "citizens of a State and
10 citizens or subjects of a foreign state." In other words, the plaintiff and the defendant must be
11 citizens of different states to satisfy the complete diversity requirement of Section 1332.
12 *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen of the same state as any of
13 the defendants).

14 Here, Plaintiff states she is a citizen of California. (Doc. 1-1.) The civil cover sheet and
15 the allegations in the complaint indicate that Defendant is also a citizen of California, as it is a
16 Professional Corporation registered and doing business in the state of California. (Doc. 1-1.)
17 Because it appears that Plaintiff and Defendant are both citizens of California, complete diversity
18 is lacking. *Strawbridge*, 7 U.S. at 267.

19 Further, even if the citizenship of the parties were diverse, the only amount pled as
20 damages is $2,400 (Doc. 1), which fails to satisfy the $75,000 threshold. As Defendant and
21 Plaintiff both appear to be citizens of California, complete diversity between the parties is lacking.
22 Moreover, the amount in controversy does not meet the $75,000 jurisdictional minimum. Thus,
23 the prerequisites for diversity jurisdiction pursuant to 28 U.S.C. § 1332 are not established.

24       **2.**      **No Federal Question Pursuant to 28 U.S.C. § 1331**

25 Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over civil actions arising
26 under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The allegations
27 of the complaint indicate that Plaintiff's claim is one for breach of contract. (Doc. 1-1.) Such a
28 claim does not arise under federal law. *Opera Plaza Residential Parcel Homeowners Ass'n v.*

*Hoang*, 376 F.3d 831, 840 (9th Cir. 2004) (claims "for damages stemming from alleged breach of contract" ordinarily arise under state law).  While Plaintiff is free to file such a civil action in a California state court, which is a court of general jurisdiction, a breach of contract claim does not supply a federal court with federal question jurisdiction under Section 1331.

### 3. Plaintiff's Standing to Enforce the Contract

Plaintiff alleges that Defendant contracted to perform legal services on behalf of Plaintiff's parents.  It is not clear how Plaintiff herself has been harmed by Defendant's conduct or whether Plaintiff was a party to the contract with Defendant.  In general, a person who is only remotely benefited by a contract is an incidental beneficiary and cannot enforce its terms.  *Ascherman v. Gen. Ins. Corp.*, 183 Cal. App. 3d 307, 311 (1986).  Thus, it is not clear whether Plaintiff has any standing to assert a breach of contract claim for legal services that Defendant agreed to provide to Plaintiff's parents.

### C. Amended Complaint

As pled, the Court lacks subject-matter jurisdiction over Plaintiff's complaint because it does not appear that the parties are citizens of different states and the amount in controversy fails to meet the jurisdictional minimum.  As previously stated, federal courts have no power to consider claims for which they lack subject-matter jurisdiction.  *Williamsport Area Sch. Dist.*, 475 U.S. at 541.  Plaintiff, however, will be granted leave to amend the complaint to cure the deficiencies noted above.  Plaintiff must establish how the jurisdictional requirements discussed above are satisfied, and set forth facts showing how she has standing to pursue a cause of action for breach of contract.  If Plaintiff cannot establish facts showing this Court has subject matter jurisdiction, the Court will recommend that Plaintiff's complaint be dismissed without prejudice to refiling in state court, which are courts of general jurisdiction.

Plaintiff is advised that an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Rule 220 of the Local Rules of the United States District Court, Eastern District of California.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the

case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed.

## IV.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice;
2. Plaintiff shall file an amended complaint within 30 days from the date of this order; and
3. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies stated above, this Court will recommend that Plaintiff's complaint be dismissed without prejudice to refiling in state court.

IT IS SO ORDERED.

Dated:   **August 26, 2013**                         **/s/ Sheila K. Oberto**
                                                                     UNITED STATES MAGISTRATE JUDGE